[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ORDER
On or about August 15, 1994, plaintiff Travelers Insurance Company moved this Court under Sections 236 and 364 of the Connecticut Practice Book to enter judgment upon default against defendant General Electric Company in the amount of $543,760.00. Though the plaintiff's Motion for Judgment After Default does not recite the relevant procedural history of this case which is claimed to underlie its request for relief, that request must necessarily be based on the prior entry of a default which, by the time of the plaintiff's Motion, had not been vacated by order of the Court or by operation of law.
A review of the Court's file reveals that on June 10, 1994, the plaintiff filed and served on counsel for the defendant a written demand, under Practice Book § 236, that the defendant, through counsel, file a writing signed by counsel stating whether he has reason to believe and does believe that there exists a bona fide defense to this action and whether such defense shall be made together with a general statement of the nature and substance of such defense. Five days later, without complying with plaintiff's request for disclosure of defenses the defendant filed its own written Motion for Extension of Time to file its Answer and defenses in this case, claiming in support of that Motion that the parties were currently awaiting the decision of the Connecticut Supreme Court on its pending appeal from the denial of its earlier Motion for Stay of this action pending the completion of arbitration proceedings relating to the underlying controversy. CT Page 12168
The day after the defendant's Motion for Extension of Time was filed, the plaintiff moved this Court to default the defendant for failure to disclose a defense within five days of its demand under Practice Book § 236. Four days later, it also filed an objection to defendant's Motion for Extension of Time.
On July 5, 1994, the plaintiff's Motion for Default for Failure to Disclose a Defense appeared on the short calendar and was argued. Upon learning from counsel about the entire recent history of the case, the Court, with the knowledge and understanding of counsel, attempted to resolve all aspects of the parties' pending dispute by ordering that the pleadings be closed at once, with a default to enter against defendant General Electric on July 11, 1994 unless it filed its formal answer to the plaintiff's complaint on or before that date.
On July 8, 1994, the defendant duly filed its answer herein, in full and timely compliance with the Court's order of July 5, 1994. Accordingly, no default was ever entered against it on account of the claims presented to the Court on the date of its order.
Because a further review of the Court's file in this case reveals that the defendant has never otherwise been defaulted herein, the plaintiff's Motion for Judgment After Default is hereby denied.
Michael R. Sheldon Judge